UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:13-CR-103-DPJ-FKB

LEVI OREY

ORDER

Following a revocation hearing on August 5, 2022, Defendant Levi Orey filed a Motion for Downward Departure [117]. Orey asks the Court to reduce his sentence to account for time spent in state custody before sentencing. As explained below, his motion is denied.

I.  Facts and Procedural History

In 2014, Orey pleaded guilty to a federal firearm charge, and, on January 20, 2015, the Court sentenced him to a 70-month term of incarceration followed by a 3-year term of supervised release. In September 2019, the Court revoked Orey's supervised release and sentenced him to a 3-month term of incarceration followed by a 24-month term of supervised release. In July 2020, Orey was arrested by the Jackson Police Department on a murder charge; Orey posted bond and was released on August 3, 2020.

While out on bond, Orey was again arrested by JPD on April 29, 2021, this time on a charge of felony possession of a controlled substance. Orey was apparently denied bond because he remained in Hinds County's custody from April 29, 2021, until July 1, 2022.

On November 5, 2021, the United States Probation Officer filed a petition for issuance of a warrant, and a federal detainer was lodged with the Hinds County Sheriff's Department. The state charge was ultimately resolved on June 29, 2022, when Orey pleaded guilty to a

misdemeanor possession-of-paraphernalia charge.  Orey was transferred from state to federal custody on July 1, 2022, and on August 5, 2022, the Court held Orey's revocation hearing.

The Court found Orey violated the conditions of his supervised release and announced a 16-month sentence.  At the hearing, Orey's counsel "made an *ore tenus* motion that Mr. Orey be given additional sentencing credit for the time Orey spent in state custody between November 5, 2021 and June 30, 2022."  Gov't's Resp. [118] at 1.  The Court directed the parties "to file briefs as to the calculation of credit for time served by [D]efendant."  Aug. 5, 2022 Text-Only Order.  Orey then filed his motion for downward departure, to which the Government responded in opposition.

II.     Analysis

Orey correctly acknowledges that "district courts do not have the statutory authority to award jail credit."  Def.'s Mot. [117] at 2 (citing 18 U.S.C. § 3585(b)).  *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (concluding "that § 3585(b) does not authorize a district court to compute the credit at sentencing").  Instead, the Attorney General computes the credit an inmate is entitled to receive for "time spent in official detention prior to the date the sentence commences."  18 U.S.C. § 3585(b).  *See Wilson*, 503 U.S. at 335 (explaining that Attorney General determines amount of credit "when imprisoning the defendant").  If an inmate is dissatisfied with the credit awarded, he may file a habeas petition.  *See United States v. Reed*, 100 F. App'x 258, 258 (5th Cir. 2004) (noting that habeas petition under § 2241 "is the proper procedural vehicle for challenging" denial of credits).

Realizing that the Court lacks the power to decide whether he should receive credit for time spent in state custody, and apparently concerned that the Attorney General will deny him that credit, Orey instead asks the Court to "grant a downward departure pursuant to 5K2.0(a)

which provides for downward departures by the court either for circumstances not adequately taken into consideration by the U.S. sentencing commission or for other relevant circumstances or characteristics of the Defendant." Def.'s Mot. [117] at 3. The Government says the motion is untimely now that the sentencing hearing has concluded.

Timely or not, the Court declines to grant Orey a downward departure under § 5K2.0(a). First, the Court does not find that the circumstances of Orey's state arrest and subsequent federal detention take the matter outside the heartland of cases (nor do his other arguments). This is a fairly typical case where § 3585(b) leaves it to the Attorney General, through BOP, to determine whether credit should be given. Second, while there may be overlap between the conduct that led to Orey's state detention and the conduct supporting the revocation petition, the two issues are not identical; the revocation was also based on Orey's repeated positive drug tests. Third, the Court would not depart in any event because it imposed the revocation sentence it considered appropriate under the applicable sections of 18 U.S.C. § 3553(a) and did not find that credit should be awarded as part of the judgment. If the Attorney General, through the BOP, concludes that Orey should receive credit, then he will. If the Attorney General denies credit, then Orey is free to challenge that decision through a habeas petition.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. Orey's *ore tenus* motion raised at the sentencing hearing and his Motion for Downward Departure [117] are both denied. Because the Court has revoked Orey's supervised release, it considers his Motion to Modify the Conditions of Supervised Release [115] moot.

**SO ORDERED AND ADJUDGED** this the 24th day of August, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
